# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| EVA M. STASAK et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 2:12-cv-01743-RCJ-CWH |
| vs. | ) | |
| | ) | |
| CARE MERIDIAN, LLC et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a medical malpractice action removed from state court. Pending before the Court is a Motion to Dismiss filed in state court before remand. Plaintiffs have not responded. For the reasons given herein, the Court grants the motion.

## I.     FACTS AND PROCEDURAL HISTORY

On or about August 18, 2010, Plaintiff Eva Stasak suffered a fractured hip upon falling at her residence. (Compl. ¶ 10, Aug. 23, 2012, ECF No. 1-2, at 3). She was evaluated and treated at St. Rose Hospital. (*Id.*). At St. Rose's, hospital personnel noted a pressure ulcer on her coccyx with no odor or drainage that they diagnosed as a stage II pressure ulcer and treated before discharge on August 23, 2010. (*Id.* ¶ 11). On or about August 20, 2010, while still at St. Rose's, hospital personnel ordered Stasak transferred to HealthSouth Rehabilitation Hospital of Desert Canyon ("HealthSouth") for further care and therapy. (*Id.* ¶ 12). However, on or about August 23, 2010, Defendants Cigna Health and Life Insurance Co., Cigna Healthcare, Inc., and Cigna Corp. (collectively, "Cigna") refused to authorize transfer to HealthSouth, authorizing only transfer to Defendant Care Meridian, LLC's facility, to where she was taken and treated until

discharge to her home on September 17, 2010. (*Id.* ¶¶ 13–15). While she was at Care Meridian, Stasak had developed a second pressure ulcer in the sacral coccyx area that combined with the first ulcer. (*Id.* ¶ 15). On or about September 19, 2010, Stasak's son and home health care nurses noticed that the now single pressure ulcer had become large and infected, exhibiting odor and drainage. (*Id.* ¶ 16). A family physician instructed Stasak's son to take her to the hospital by ambulance. (*Id.*). Stasak was taken by ambulance to Desert Springs Hospital, where hospital personnel diagnosed her with a "large sacral decubitus ulcer, with underlying abscess, possible osteoporosis with leukocytosis and purulent discharge." (*Id.*). Stasak required a long, arduous course of treatment for the ulcer and associated illnesses. (*Id.*).

On August 23, 2012, Stasak and her husband Richard Stasak sued Cigna and Care Meridian in state court on six nominal[1] causes of action: (1) negligence (against Care Meridian); (2) elder neglect (against Care Meridian); (3) intentional and negligent misrepresentation (against Care Meridian); (4) negligence (against Cigna); (5) breach of contract (against Cigna); and (6) loss of consortium (by Richard Stasak against all Defendants). On September 24, 2012, Care Meridian moved in state court to dismiss all claims against it under the statute of limitations, for failure to include a medical expert affidavit as required by Nevada Revised Statutes ("NRS") section 41A.071, and for failure to state a claim. (*See* Mot. Dismiss, Sept. 24, 2012, ECF No. 1-4, at 2). There is no record of Plaintiffs having responded in state court or in this Court. Care Meridian has asked for the Court to hear the motion or rule without hearing.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

---

[1] The third nominal cause of action represents two distinct causes of action.

(1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court

considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

Finally, failure to respond to a motion to dismiss constitutes consent to granting the motion. L.R. 7-2(d).

## III. ANALYSIS

The Court notes that Plaintiffs have failed to respond and that it may grant the motion on that basis, but the motion should also be granted on the merits. Plaintiffs bring five substantive causes of action against Care Meridian: (1) negligence; (2) elder neglect; (3) intentional misrepresentation; (4) negligent misrepresentation; and (5) loss of consortium. Defendant characterizes all of the claims as arising out of alleged medical malpractice. The statute of limitations for claims against health care providers in Nevada (for injuries occurring on or after October 1, 2002) is "1 year after the plaintiff discovers or through the use of reasonable diligence should have discovered the injury." Nev. Rev. Stat. § 41A.097(2). Tolling applies, *see id.* § 41A.097(3), but no circumstances indicating tolling present themselves. Plaintiffs allege that the alleged neglect occurred between August 23, 2010 and September 17, 2010, and that Plaintiff actually discovered the harm no later than September 19, 2010 when her son inspected her back, called the family physician, and had her taken to the hospital for treatment. Plaintiffs sued almost two years later on August 23, 2012. Therefore, any claims arising out of personal injury allegedly caused by Care Meridian, a health care provider, are barred. The Court need not address the lack of an medical expert affidavit. This leaves only the misrepresentation claims, which Care Meridian separately attacks for failure to state a claim.

The misrepresentation claims here are subsumed by the negligence claims. Plaintiffs' theory is that Care Meridian misrepresented that it was competent, and that Plaintiffs relied to their detriment. But Plaintiffs are barred by statute from forcing Care Meridian to stand trial on

1    the issue of its due care, i.e., its competence.  Care Meridian's statutory right to be from this trial

2    burden would be vitiated if Plaintiffs could recover the same measure of damages for the same

3    harm on a misrepresentation theory.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED, and the Clerk shall terminate Care Meridian as a Defendant.

IT IS FURTHER ORDERED that the Motion for Hearing (ECF No. 16) is DENIED.

IT IS SO ORDERED.

Dated this 5th day of March, 2013.

                                                                                        ROBERT C. JONES
                                                                    United States District Judge